(Reap. Dec. 10552)

BERBEN CORPORATION *v.* UNITED STATES

Entry No. 11564.

(Decided on remand [A.R.D. 147] June 28, 1963)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*John W. Douglas*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the defendant.

Lawrence, Judge: This appeal challenges the appraisement of an importation of pistols, exported from Italy by Pietro Beretta, located in Brescia, Italy.

The pistols are identified on the invoice as "418AM" and "948LR," which are the same as 418 and 948, respectively. The merchandise was appraised on the statutory basis of foreign value, section 402(c) of the Tariff Act of 1930 (19 U.S.C. § 1402(c)), as amended by the Customs Administrative Act of 1938.

Plaintiff contends that there is no freely offered foreign, export, or United States value and that the proper basis of value is cost of production, as set forth in paragraph (f) of section 402 of the Tariff Act of 1930.

The case was originally decided by the trial court in *Berben Corporation* v. *United States*, 45 Cust. Ct. 482, Reap. Dec. 9785. The court there held that neither such nor similar pistols were freely offered for sale in usual wholesale quantities either for home consumption in Italy, for export to the United States, or for home consumption in the United States, and that the statutory cost of production was the proper basis for appraisement. The claim of plaintiff was, accordingly, sustained.

Upon an application for review, the third division of the court was of the opinion "that the plaintiff met its burden of proof with evidence establishing not only that foreign value for the involved merchandise was nonexistent, but that the cost of production was the proper basis of valuation of such merchandise." *United States* v. *Berben Corporation*, 49 Cust. Ct. 497, A.R.D. 147.

It is clear from the opinion of the appellate division, and it is so treated in the briefs of adversary parties, that the original decision of this court was affirmed in all respects, with the exception that there was lack of sufficient proof of diligent effort upon the part of plaintiff to ascertain, if possible, the profit which is ordinarily added in the case of merchandise of the same general character as the particular merchandise under consideration by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

In its original opinion, the trial court relied upon evidence contained in the affidavit (collective exhibit 1) of the managing director of the manufacturer and seller of the subject merchandise, which was not controverted.

After indicating the profit for the disputed items for the years 1952, 1953, and 1954, said affidavit reads, so far as pertinent here, as follows:

The above profits represented the amounts obtained by my Company in the sale of the merchandise for the general characteristics of the merchandise

exported to the United States, which represented 30% or more of the total commercial sales of my Company, the volume of which was larger than that of the sales made in any other market.

Since my Company cannot have any access to the books and documents of the other manufacturers and producers in Italy in the line or field of manufacture and production of the same class and kind of merchandise exported by us to the United States of America, I cannot specify the present (standard) profits which the other manufacturers and producers add to their own cost of production. However, on basis of my knowledge of the cost of the materials, of workmanship (labor), of the expenses of administration (overhead), of packing and of the other usual charges and expenses that go in the production of the same class and kind of merchandise, namely of the pistols manufactured by my Company, and on basis furthermore of my own knowledge of the selling prices of the other manufacturers and producers, I am able to state that their profit in the years 1952, 1953, and 1954 in the production and manufacture of the same class and kind of merchandise as that exported by my Company to the United States of America, was not greater than the profit which, as usual, my Company added in the case of the pistols having the same general characteristics as those which my Company exported to the United States of America.

It was the opinion of the appellate division, however, that the record was—

* * * barren of any evidence of *diligent effort* on appellee's part to ascertain the existence or nonexistence, as the case may be, of records and other data of other Italian pistol manufacturers pertaining to the profit usually added by them to the manufacture of the pistols of the same general character as those here involved, * * *. [Italics quoted.]

The evidence introduced by plaintiff before the trial court on remand, while it does not establish the profit which is ordinarily added by other manufacturers who are engaged in the production or manufacture of merchandise of the same class or kind, does establish that diligent effort was made on the part of the manufacturer and importer to ascertain such profit, but competitor manufacturers declined to reveal such information.

Such evidence is contained in plaintiff's exhibit 4, consisting of an affidavit by Pier Giuseppe Beretta, one of the owners of the firm which manufactured the pistols in controversy, in which the deponent states, among other things, that he sent registered letters to all other manufacturers of pistols in Italy, copies of which letters are attached to exhibit 4. Three of those manufacturers replied to the effect that they were unwilling to disclose their profits. The other manufacturers to whom letters were sent replied stating that they did not manufacture pistols during the period of exportation herein.

It is contended by defendant, in its brief, that said letters are not in the form of affidavits and, therefore, are not within the scope of section 2633 of title 28, United States Code, which provides in part as follows—

In finding the value of merchandise, in reappraisement proceedings before a single judge of the Customs Court, affidavits and depositions of persons whose

attendance cannot reasonably be had, price lists and catalogues, reports or depositions of consuls, customs agents, collectors, appraisers, assistant appraisers, examiners, and other officers of the Government may be admitted in evidence. * * *

However, this contention seemingly overlooks the statement of counsel for the defendant when exhibit 4 was offered in evidence, which reads as follows:

May it please your Honor, I have examined this affidavit, and the attachments. I find that, pursuant to Section 501 of the Tariff Act, they would be admissible in your Honor's discretion, and the only objections I have to it, if they may be called objections, is to the weight and materiality of the contents of the affidavit and the other documents that are attached.

Under the circumstances, therefore, exhibit 4 will be considered by the court and is regarded as adequate proof of the fact that diligent efforts were made by plaintiff to show that it was not possible to ascertain the profit enjoyed by Beretta's competitors. This conclusion finds corroboration in plaintiff's collective exhibit 5, containing copies of letters by plaintiff to three Italian manufacturers of pistols, and plaintiff's collective exhibit 6 being replies from two of said manufacturers.

Based upon the complete record, which stands unrefuted, and for the reasons above stated, the court finds and holds that diligent effort on the part of plaintiff establishes that competitor manufacturers declined to reveal the profits enjoyed by them.

Therefore, the court makes the following findings of fact:

1. The merchandise involved in this case consists of Beretta pistols from Italy, identified on the invoice as items 418AM and 948LR.

2. Item 418AM is the same as 418; item 948LR is the same as 948.

3. The merchandise was appraised upon its statutory foreign value.

4. The pistols in question are not similar to other pistols imported into the United States.

5. At all times pertinent hereto, the exporter restricted its sales for home consumption to selected wholesale and retail dealers who had Government licenses, and sold the pistols at different prices, depending upon the status of the purchaser.

6. The said wholesalers were restricted to making sales in their own districts.

7. The said wholesalers and retailers were likewise restricted to making sales to those holding Government licenses.

8. At or about the date of exportation, the manufacturer likewise restricted its sales for exportation to the United States to Berben Corporation and to J. L. Galef & Son, Inc.

9. Sales in the United States were not freely made, but were governed by restrictions.

10. The greatest volume of sales by the manufacturer during the period in question was made to the United States.

11. The cost of materials and labor, the usual general expenses, the cost of packing and containers, and the profit ordinarily added for the pistols in question are as follows, expressed in Italian lire:

| Item No. | Cost of materials and labor | General expenses | Packing and containers | Profit |
|---|---|---|---|---|
| 418AM | 2,810 | 1,680 | 60 | 675 |
| 948LR | 3,990 | 2,400 | 60 | 960 |

12. The respective costs of production of the pistols in question are as follows:

| Item No. | Cost of production |
|---|---|
| 418AM | 5,225 Italian lire per pistol |
| 948LR | 7,410 Italian lire per pistol |

The court concludes as matters of law—

1. That such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of Italy for home consumption or for exportation to the United States, within the contemplation of section 402 (c) and (d) of the Tariff Act of 1930, or as amended, *supra;*

2. That such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of the United States, within the provisions for United States value in section 402(e) of said act, as amended, *supra;*

3. That cost of production, as defined in section 402(f) of the Tariff Act of 1930, is the proper basis for determining the values of the pistols in question; and

4. That since the profit ordinarily added by other manufacturers in Italy of merchandise of the same general character as the pistols in question is not ascertainable, the profit added by the manufacturer of the pistols in question is the statutory profit, within the meaning of section 402(f) (4) of said tariff act;

5. That such cost of production is as follows:

| Item No. | Cost of production |
|---|---|
| 418AM | 5,225 Italian lire per pistol |
| 948LR | 7,410 Italian lire per pistol |

Judgment will be entered accordingly.