(R.D. 11515)

D. C. ANDREWS INTERNATIONAL v. UNITED STATES

Entry No. 14199, etc.

(Dated April 24, 1968)

*Allerton deC. Tompkins* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

RICHARDSON, Judge: The plaintiff seasonably moves herein for a "rehearing" of its prior motion to have the dismissal of the involved reappraisement appeals for lack of prosecution vacated and set aside, which prior motion terminated in an order of dismissal dated February 6, 1968.

In the prior motion the court noted, among other things, that the subject appeals had not been filed by the consignee Gallagher & Ascher Co. or by an agent of said consignee, and that said appeals had been filed by plaintiff acting under and by virtue of a power of attorney from the ultimate consignee Acme Valve & Fittings Co. Additional averments of facts introduced into the record on the instant motion in the form of an affidavit executed by an officer of the said consignee dated February 16, 1968, and an affidavit executed by plaintiff's attorney dated February 2, 1968, are to the effect, respectively, that plaintiff acted as agent for said consignee in filing the involved reappraisement appeals, and that plaintiff acted as agent for the said ultimate consignee in filing said appeals with the approval of said consignee.

In the court's opinion the additional facts presented on "rehearing" do not confer jurisdiction upon this court to entertain an application for the affirmative relief sought by the plaintiff. The moving affidavits are at variance with each other on the matter of the source of plaintiff's authority for the filing of the instant appeals. And the official papers in the record, to which reference was made in the court's opinion on

the prior motion, are corroborative of the fact that plaintiff filed the subject appeals as agent of the ultimate consignee—the posture which is assumed on the instant motion by plaintiff's own attorney. Furthermore, its is difficult to understand that the consignee would have transmitted the notices of advance which gave rise to the occasion for instituting the subject reappraisement appeals, to the ultimate consignee for its action in the matter in lieu of or instead of to plaintiff, if in fact plaintiff was then the "agent" of said consignee for the purpose of filing the appeals herein. The action of the consignee in the circuitous routing of the notices of advance, as it were, is not consistent with the claimed principal-agent relationship between the consignee and the plaintiff.

Therefore, on the state of the instant record and in the exercise of a sound judicial discretion the court is of the opinion that the interests of justice are best served in this case by the court's adherence to the disposition made herein on the prior motion.

The instant motion for rehearing is dismissed, and an order to this effect will be entered hereupon.