59 CCPA

**D. C. ANDREWS INTERNATIONAL, Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5445.**

United States Court of Customs and Patent Appeals.

Nov. 18, 1971.

Allerton deC. Tompkins, New York City, attorney of record, for appellant.

L. Patrick Gray, III, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Susan C. Cassell, New York City, for the United States.

**1128**

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

RICH, Judge.

This appeal is from an unpublished order of the First Division, Appellate Term, of the United States Customs Court affirming the trial judge's dismissal of certain reappraisement appeals for lack of prosecution. We affirm.

Subsequent to the trial judge's initial order dismissing the instant reappraisement appeals for non-appearance at calendar call, appellant twice petitioned for rehearing. Both times the trial judge dismissed the petition on the ground that appellant lacked standing to file and prosecute the involved reappraisement appeals because it was neither the consignee nor the consignee's agent within the meaning of those terms in 19 U.S.C. 1501(a), citing Wilmington Shipping Co. v. United States, 52 Cust.Ct. 650, 655, A.R.D. 175 (1964), aff'd, 52 CCPA 76, C.A.D. 861 (1965). The memorandum accompanying the order dismissing appellant's second motion for rehearing is reported at 60 Cust.Ct. 840, R.D. 11515 (1968).

On initial appeal, the Appellate Term, in an unreported oral opinion, affirmed the trial judge's dismissal for lack of prosecution, citing United States v. Chas. Kurz Co., 396 F.2d 1013, 55 CCPA 107, C.A.D. 941 (1968). It expressly refused to reach the lack of standing issue, stating that

> * * * even if it be assumed that appellant Andrews was the agent of the consignee, as it contends, there is no

showing whatever in the record that the trial judge abused his discretion in dismissing the appeals for reappraisement for lack of prosecution.

On appeal here, appellant states that it does not "challenge the trial court in dismissing these reappraisement appeals for failure to prosecute." Rather, it seeks "a decision holding that D. C. Andrews International did not lack standing in appearing herein as the plaintiff" and "an order or decision from this court which will permit the trial court to *consider* the motion for rehearing *on the merits*." (Emphasis in original.)

■■ Appellant's arguments here exhibit some confusion over the identity and structure of the court below. The entire Customs Court is a trial court, not just the trial judges thereof.[1] In contrast to our own limited appellate jurisdiction in reappraisement cases,[2] the appellate terms of the Customs Court were authorized to pass on questions of fact as well as of law, Automatic Totalisators, Inc. v. United States, 29 CCPA 230, C.A.D. 195 (1942) and, in general, to do anything the trial judge could have done except expand the record. (Compare former section 2636 of Title 28 with former section 2637.) Thus, appellant has already had its motion for rehearing considered on the merits by the trial court.[3]

Since appellant has not challenged the trial court's order dismissing the instant reappraisement appeals for want of prosecution, that order is affirmed.

Affirmed.

WORLEY, C. J., and BALDWIN, J., concur in the result.

---

1. Cf. the writer's views on this point in the dissenting opinion in the *Chas. Kurz Co.* case, supra.

2. Cf. former section 2637 of Title 28, which, until October 1, 1970, provided that appeals to this court in reappraisement cases should be "upon questions of law only."

3. We cannot agree that appellant was entitled to have its petition for rehearing heard by the *trial* judge personally rather than by the Appellate Term, which is all appellant's arguments come down to, even if we were to reverse on the lack of standing issue.