**BROWN, ALCANTAR & BROWN, INC., et al.**

v.

**UNITED STATES.**

**A.R.D. 306; Reappraisements R65/8758 and 292 others.**

United States Customs Court, First Division, Appellate Term.

Aug. 11, 1972.

724

Sharretts, Paley, Carter & Blauvelt, New York City (Gail T. Cumins and Eugene F. Blauvelt, New York City, of counsel), for appellants.

Harlington Wood, Jr., Asst. Atty. Gen. (Robert Blanc, New York City, trial attorney), for appellee.

Before WATSON, MALETZ and RE, Judges.

WATSON, Judge:

This is an application for review of the decision of the trial judge in Brown, Alcantar & Brown, Inc., et al. v. United States, 68 Cust.Ct., R.D. 11760 (1972), affirming the appraised value of certain phonograph records imported from Mexico and appraised on the basis of constructed value as defined in section 402 (d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956. The relevant statutory provisions read as follows:

(d) CONSTRUCTED VALUE.— For the purposes of this section, the constructed value of imported merchandise shall be the sum of—

(1) the cost of materials (exclusive of any internal tax applicable in the country of exportation directly to such materials or their disposition, but remitted or refunded upon the exportation of the article in the production of which such materials are used) and of fabrication or other processing of any kind employed in producing such or similar merchandise, at a time preceding the date of exportation of the merchandise undergoing appraisement which would ordinarily permit the production of that particular merchandise in the ordinary course of business;

(2) an amount for general expenses and profit equal to that usually reflected in sales of merchandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States; and

(3) the cost of all containers and coverings of whatever nature, and all other expenses incidental to placing the merchandise undergoing appraisement in condition, packed ready for shipment to the United States.

\* \* \* \* \* \*

(g) TRANSACTIONS BETWEEN RELATED PERSONS.—

(1) For the purposes of subsecsection (c)(1) or (d), as the case may be, a transaction directly or indirectly between persons specified in any one of the subdivisions in paragraph (2) of this subsection may be disregarded if, in the case of any element of value required to be considered, the amount representing that element does not fairly reflect the amount usually reflected in sales in the market under consideration of merchandise of the same general class or kind as the merchandise undergoing appraisement. If a transaction is disregarded under the preceding sentence and there are no other transactions available for consideration, then, for the purposes of subsection (d), the determination of the amount required to be considered shall be based on the best evidence available as to what the amount would have been if the transaction had occurred between persons not specified in any one of the subdivisions in paragraph (2).

(2) The persons referred to in paragraph (1) are:

(A) Members of a family, including brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants;

(B) Any officer or director of an organization and such organization;

(C) Partners;

(D) Employer and employee;

(E) Any person directly or indirectly owning, controlling, or holding with power to vote, 5 per centum or more of the outstanding voting stock or shares of any organization and such organization; and

(F) Two or more persons directly or indirectly controlling, controlled by, or under common control with, any person.

Appellants, although agreeing with the use of constructed value, continue to press for a lower calculation of that value and assert they have adequately proved the constructed value they claim.

The trial court held that appellants must prove their claimed lower constructed value " * * * upon proof from which the court can determine that the claimed constructed values fairly reflect the market value of the merchandise." The trial court noted that "[t]he phonograph records imported from 1962 on, therefore, presumptively involved transactions between related persons which, in constructing values which fairly reflect market value under section 402 (d), *supra*, the appraiser chose to disregard pursuant to section 402(g) as amended * * *." Based on this analysis, the trial court held that appellants had failed to provide sufficient detail to account for the difference between the cost incurred in the manufacture and sale of records for export and those incurred in its domestic transactions. The trial court called for evidence " * * * to establish the statutory elements of costs incurred in producing the phonograph records for sale in the home market and other countries as against the costs incurred in producing the same records for export to the United States."

Of particular importance to our discussion herein are the following allegations of error made by appellants pursuant to Rule 31 of the rules of this court.

* * * The errors in said decision are as follows:

* * * * * *

7. In finding and holding that in order to sustain the claimed lower constructed values appellants had the burden of submitting proof "from which the court can determine that the claimed constructed values fairly reflect the market value of the merchandise."

8. In not finding and holding that Section 402(d) of the Tariff Act of 1930, as amended, has no requirement that constructed value must "fairly reflect the market value of the merchandise" but rather contemplates a constructed value based upon the cost of materials and containers of the particular manufacturer involved plus an amount for general expenses and profit equal to that usually reflected in sales of merchandise of the same general class or kind in the country of exportation for shipment to the United States.

* * * * * *

12. In not finding and holding that no consideration should be given to home market prices since such market is not the market exportation to the United States but that even if it were appropriate to consider home market sales for the purposes of ascertaining general expenses and profit, that appellants' have proved by competent evidence under the same headings, the costs of producing records for sale in Mexico and have shown the differences between such costs and the costs of producing records for exportation to the United States.

Upon review and reflection, it has become apparent that in requiring appellants to offer proof from which it can be shown that the claimed constructed

values fairly reflect the market value of the merchandise, the court was holding appellants to a standard of proof which was more stringent than that required by the law, inconsistent with the method of valuation used and derived from certain unwarranted presumptions.

■ If indeed it is possible to obtain a fair reflection of market value for the transaction under examination, then export value should be the basis of valuation and we ought not to be involved in the use of constructed value at all. "Fair reflection of market value" is a standard of judgment normally associated with export value most notably in the situation where the importer is a selected purchaser. See section 402(f)(1)(B) of the Tariff Act of 1930, as amended. Therefore, the use of constructed value as the basis of valuation herein, a basis agreed upon by the parties, must mean that no fair reflection of market value is possible. Consequently, standards of proof based on such a fair reflection of market value ought not to have been applied.

For this reason, we cannot agree with dicta to the same effect in New York Credit Men's Adjustment Mureau, Inc., etc. v. United States, 64 Cust.Ct. 770, 775, 776, R.D. 11715, 314 F.Supp. 1246 (1970), aff'd, Id. v. Id., 68 Cust.Ct., A.R.D. 301 (1972), and a similar suggestion in C. J. Tower & Sons of Buffalo, Inc. v. United States, 55 Cust.Ct. 586, 591, R.D. 11058 (1965), aff'd, Id. v. Id., 58 Cust.Ct. 834, A.R.D. 223 (1967). It may be that these erroneous standards are being perpetuated by a false analogy to the situation under "export value" when a selected purchaser must show that the price he paid is one which fairly reflected market value. See for example, United States v. Acme Steel Company, 51 CCPA 81, C.A.D. 841 (1964). No such standard should be, or indeed *can* be, applied to proof of constructed value.

■ In what appears to be an outgrowth of the above-mentioned error, the trial judge spoke of the action of the appraising official in terms which made it appear as if his appraisement somehow put a burden on appellants to account for the difference between the constructed value of the exported merchandise and its home market sale price. In reality, the appraisement did no more than require appellants to overcome the presumption of its correctness and prove the statutory elements of constructed value. There is nothing in this record to show why the appraising official raised the entered value and no reason to assume he acted from any one identifiable cause. As our appellate court recently stated in A. Zerkowitz & Co., Inc. v. United States, 435 F.2d 576, 58 CCPA 60, 69, C.A.D. 1005 (1970), " * * * where the appraiser may have arrived at his result on the basis of any one of a number of different subsidiary findings and there is no indication in the record which of the subsidiary findings he in fact made, there is no presumption that he made *all* of them." This was the court's distillation of its reasoning in Mannesmann-Meer, Inc. v. United States, 433 F.2d 829, 58 CCPA 6, 8, C.A.D. 995 (1970), wherein it found that the trial judge's statement that the nonuse of export value gave rise to a presumption that the sale price to the exporter's selected customer did not fairly reflect market value was not necessarily so since such a nonuse of export value "could have been based on a finding that any one of the elements of export value was lacking." Similarly here there is no reason to assume that it was the higher home market sale price which led the appraising official to change the entered value.

■ In point of fact, there is good reason to assume otherwise since our reading of the relevant statutory provisions reveals that home market sale price, if it is to enter the picture at all, does so only as the best evidence of what the elements of constructed value would be between unrelated parties *after* the entered value has been disregarded. *The home market sale price cannot itself be the cause of the initial disregard.* This must come from findings made in the export market.

Section 402(g), if it would be applied herein, allows the appraising official to

disregard a transaction between related parties if any element of constructed value does not fairly reflect the usual amount reflected in sales "in the market under consideration" and allows the appraiser, in the absence of other suitable transactions, to use the "best evidence available" to arrive at an amount for the element in question.

■ The "market under consideration" must refer to the export market in the case of constructed value. The neutral tone of the phrase was undoubtedly used because section 402(g) applies both to constructed value (in which instance the export market is considered) and United States value (in which instance the United States domestic market is considered). Under these circumstances, the original determination which discredits a constructed value must arise from conditions in the export market. Only thereafter can home market sale price be considered in an attempt to construct a value from "the best evidence available."

■ Despite the above considerations and the absence of any evidence regarding the actions of the appraiser, the trial judge stated that "[t]he appraiser presumptively determined that the amounts representing the statutory elements [of constructed value for export]. * * * did not fairly reflect the amount usually reflected *in sales in Mexico* of phonograph records of the same general class or kind as the phonograph records undergoing appraisement." [Emphasis supplied.] This erroneous statement gave rise to the unwarranted requirement that appellants account for the difference between their claimed constructed value and home market constructed value.

■ The incomparable nature of constructed value and home market sale price must have become clear since at one point the trial judge stated correctly that "[t]he home market price has no necessary relevance to the components of constructed value." At that point, the trial judge reiterated a demand for proof of the constructed value of the home merchandise and that produced for sale

to other countries. Yet it should have been clear that a price which has no relevance to constructed value as a touchstone from which to calculate differences similarly has no relevance as a source from which to draw discrediting conclusions about the claimed elements of constructed value.

■ Unlike export value, a constructed value cannot be discredited as a unit because it is utilized only when unitary values are unobtainable. Useful comparisons can only be made between values of coordinate status, i. e., between prices for export and prices in the home market or between the elements of constructed value of the exporter and those of other exporters. The validity of a constructed value comes, not from the resemblance which its total bears to some other total but rather from the underlying correctness of its individual statutory elements.

■ If these are to be discredited, it is not by means of an unwarranted expansion of the presumption of correctness or unsupported assumptions as to the findings of the appraiser but rather from countervailing proof offered by the opposing party. If proof derived from the home market is desired, it is appellee who must come forward with evidence tending to show that the constructed value of the exporter's merchandise for the home market differs from that claimed for the exported merchandise and that this circumstance weakens or destroys appellants' proof of the elements of constructed value of the exported merchandise.

■ Proof as to the existence of a home market price, which is higher than the total arrived at by means of constructed value, does not, of itself, discredit the proven elements of constructed value by reason of their dissimilar nature, as discussed above. At this stage, appellee would have to supply specific countervailing proof of the elements of the appraised constructed value and cannot simply do what the appraiser might have done, i. e., rely on the home market price as the "best evidence" under section 402(g).

In the end, if, in a proper case, there is to be a comparison made between the elements of constructed value for export and the constructed value for home consumption, it must be between the same merchandise and the outcome has nothing to do with "reflections" in the statutory sense at all. In reality, what is discredited (if it is shown that the constructed value for home consumption is higher) is *the accuracy of the amounts claimed by appellants for their own merchandise* and not their reflective qualities. The "reflective" characteristics are satisfied by a showing that the amounts are those usual in the export sales of merchandise of the same general class or kind by other producers or by a showing that due diligence was exerted to obtain such information. Thus, if and when appellants seek to account for the difference between different constructed values in the home and export market they are seeking to bolster the accuracy of their figures for their own imported merchandise.

If a clear distinction is made between issues which relate to the *accuracy* of the amounts used for the elements of constructed value and issues which relate to the *reflection* which these amounts bear to those usual in the export market, the misunderstandings which have been discussed herein should not occur. Proof derived from the home market sale price, as a total, has no effect on the accuracy of the elements of constructed value of the exported merchandise and no relevance to the question of "reflection."

Under these conditions it is our duty to proceed to a finding of the correct appraised value. As was stated recently by our appellate court in D. C. Andrews International v. United States, 450 F.2d 1127, 59 CCPA, C.A.D. 1033 (1971), "[i]n contrast to our own limited appellate jurisdiction in reappraisement cases, the appellate terms of the Customs Court were authorized to pass on questions of fact as well as of law, * * * and, in general, to do anything the trial judge could have done except expand the record." See also United States v. F. W. Woolworth Co. et al., 22 CCPA 184, 191, T.D. 47126 (1934).

This record needs no expansion since it already contains, in our view, an abundance of evidence from which the values may be derived. As we examine the record we see that it contains, in appellants' exhibit 4, as comprehensive and detailed a compilation of proof of the elements of constructed value as could be desired. These figures, derived from the producer's books and records for the periods involved, have not been discredited in any manner by appellee.

When this circumstance is coupled with what we consider was the exercise of due diligence by the appellants in attempting to ascertain the general expenses and profit reflected in sales of merchandise of the same general class or kind by other producers in Mexico for shipment to the United States, the conclusion is inescapable that appellants' have proven their claimed constructed values. On the question of due diligence we consider appellants' written requests to the fourteen known producers of merchandise of the same general class or kind, although unsuccessful, to be full compliance with the demands of the statute. Berben Corporation v. United States, 51 Cust.Ct. 314, R.D. 10552 (1963). To demand further and more intensified inquiries would be unwarranted and we therefore must consider appellants' general expenses and profits to be the usual ones.

In light of the above, we make the following findings of fact:

1. The merchandise herein consists of phonograph records manufactured in Mexico by RCA Victor Mexicana, S. A. de C. V. and exported to the United States during the years 1961 to 1969 inclusive.

2. The merchandise is not on the Final List of the Secretary of the Treasury, T.D. 54521, and is therefore subject to the valuation provisions of section 402 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

3. The merchandise was appraised on the basis of constructed value and the

parties have agreed that constructed value is the proper basis of valuation.

4. Appellants have adduced substantial proof of the statutory elements of constructed value, consisting of the cost of materials and fabrication, the amount of general expenses and profit and the cost of all containers and coverings. These figures are as set out in exhibit 4, the relevant portion of which is attached hereto as appendix A.

5. Appellants have exercised due diligence in their unsuccessful attempts to ascertain the general expenses and profit reflected in sales of merchandise of the same general class or kind as the merchandise herein which was produced during the relevant period by other producers in Mexico for shipment to the United States.

For these reasons we reach the following conclusions of law:

1. Constructed value, as defined in section 402(d) of the Tariff Act of 1930, as amended, is the proper basis of valuation of the phonograph records involved herein.

2. The constructed values of said records are those values referred to in finding of fact No. 4.

Judgment will be entered accordingly.

APPENDIX A

SERIES 7" RCA 75, 76 & VIK 95 – S/N

| (In Mexican Pesos) | 1961 | 1962 Jan. Sep. | 1962 Oct. Dec. | 1963 | 1964 Jan. Feb. | 1964 March Dec. | 1965 | 1966 |
|---|---|---|---|---|---|---|---|---|
| Material | 0.46 | 0.41 | 0.41 | 0.39 | 0.36 | 0.36 | 0.37 | 0.37 |
| Labor | 0.16 | 0.19 | 0.19 | 0.16 | 0.15 | 0.15 | 0.16 | 0.16 |
| Recording Cost | 0.32 | 0.26 | 0.26 | 0.24 | 0.26 | 0.26 | 0.29 | 0.29 |
| Artist & Composer Royalty Cost | 0.87 | 0.87 | 0.87 | 0.87 | 0.87 | 0.87 | 0.87 | 0.87 |
| Total Materials and Fabrication | 1.81 | 1.73 | 1.73 | 1.66 | 1.64 | 1.64 | 1.69 | 1.69 |
| Manufacturing Overhead | 0.63 | 0.72 | 0.72 | 0.58 | 0.53 | 0.53 | 0.59 | 0.57 |
| Administrative Overhead | 0.31 | 0.34 | 0.34 | 0.27 | 0.25 | 0.25 | 0.28 | 0.27 |
| Total Usual General Expenses | 0.94 | 1.06 | 1.06 | 0.85 | 0.78 | 0.78 | 0.87 | 0.84 |
| All coverings and Containers | 0.08 | 0.08 | 0.08 | 0.07 | 0.08 | 0.08 | 0.08 | 0.09 |
| Profit | 1.17 | 1.13 | 1.26 | 1.55 | 1.63 | 1.44 | 1.30 | 1.32 |
| Total Constructed Value in Mex. Ps. | 4.00 | 4.00 | 4.13 | 4.13 | 4.13 | 3.94 | 3.94 | 3.94 |
| Total Constructed Value in U.S. Dollars at Official Rate of Exchange | 0.32 | 0.32 | 0.33 | 0.33 | 0.33 | 0.315 | 0.315 | 0.315 |

[A6575]

(CONTINUANCE)

SERIES 7" RCA 75, 76 & VIK 95 – S/N

| (In Mexican Pesos) | 1967 Jan. June | 1967 July Nov. | 1967 Dec. | 1968 Jan. Dec. | 1969 Jan Feb. | 1969 March to Date |
|---|---|---|---|---|---|---|
| Material | .43 | .43 | .44 | .44 | .44 | .41 |
| Labor | .20 | .20 | .19 | .19 | .19 | .19 |
| Recording Cost | .30 | .30 | .28 | .28 | .29 | .29 |
| Artist & Composer Royalty Cost | .91 | .91 | .91 | .91 | .91 | .91 |
| Total Materials and Fabrication | 1.84 | 1.84 | 1.82 | 1.82 | 1.83 | 1.80 |
| Manufacturing Overhead | .63 | .61 | .54 | .54 | .54 | .55 |
| Administrative Overhead | .31 | .31 | .42 | .42 | .45 | .45 |
| Total Usual General Expenses | .94 | .92 | .96 | .96 | .99 | 1.00 |
| All coverings and Containers | .09 | .09 | .09 | .09 | .09 | .11 |
| Profit | 1.07 | .90 | .88 | .88 | .84 | .84 |
| Total Constructed Value in Mex. Ps. | 3.94 | 3.75 | 3.75 | 3.75 | 3.75 | 3.75 |
| Total Constructed Value in U.S. Dollars at Official Rate of Exchange | .315 | .30 | .30 | .30 | .30 | .30 |

[A6576]

| (In Mexican Pesos) | SERIES 7" RCA MKE & VIK MFV | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 1961 | 1962 Jan. Sep. | 1962 Oct. Dec. | 1963 | 1964 Jan. Sep. | 1964 Oct. Dec. | 1965 | 1966 |
| Material | 0.58 | 0.49 | 0.49 | 0.44 | 0.38 | 0.38 | 0.39 | 0.41 |
| Labor | 0.19 | 0.21 | 0.21 | 0.17 | 0.16 | 0.16 | 0.18 | 0.17 |
| Recording Cost | 0.65 | 0.47 | 0.47 | 0.48 | 0.52 | 0.52 | 0.57 | 0.58 |
| Artist & Composer Cost | 1.29 | 1.29 | 1.29 | 1.29 | 1.29 | 1.29 | 1.29 | 1.29 |
| Total Material and Fabrication | 2.71 | 2.46 | 2.46 | 2.38 | 2.35 | 2.35 | 2.43 | 2.45 |
| Manufacturing Overhead | 0.83 | 0.74 | 0.74 | 0.76 | 0.61 | 0.61 | 0.67 | 0.70 |
| Administrative Overhead | 0.38 | 0.34 | 0.34 | 0.35 | 0.28 | 0.28 | 0.31 | 0.32 |
| Total Usual General Expenses | 1.21 | 1.08 | 1.08 | 1.11 | 0.89 | 0.89 | 0.98 | 1.02 |
| All Coverings and Containers | 1.05 | 1.00 | 1.00 | 1.00 | 1.00 | 1.00 | 1.00 | 1.00 |
| Profit | 0.39 | 0.82 | 0.71 | 0.76 | 1.01 | 1.14 | 0.97 | 0.91 |
| Total Constructed Value in Mex. Ps. | 5.36 | 5.36 | 5.25 | 5.25 | 5.25 | 5.38 | 5.38 | 5.38 |
| Total Constructed Value in U.S. Dollars at Official Rate of Exchange | 0.43 | 0.43 | 0.42 | 0.42 | 0.42 | 0.43 | 0.43 | 0.43 |

[A6577]

(CONTINUANCE)

SERIES 7" RCA MKE & VIK MEV

(In Mexican Pesos)

| | 1967 Jan. June | 1967 July Nov. | 1967 Dec. | 1968 Jan. Apr. | 1968 May Nov. | 1968 Dec. | 1969 Jan. Feb. | 1969 March June | 1969 July To Date |
|---|---|---|---|---|---|---|---|---|---|
| Material | .44 | .44 | .45 | .45 | .45 | .40 | .40 | .41 | .41 |
| Labor | .21 | .20 | .20 | .20 | .20 | .18 | .18 | .19 | .19 |
| Recording Cost | .59 | .59 | .55 | .55 | .55 | .56 | .56 | .56 | .56 |
| Artist & Composer Cost | 1.44 | 1.44 | 1.44 | 1.44 | 1.44 | 1.44 | 1.44 | 1.44 | 1.44 |
| Total Materials and Fabrication | 2.68 | 2.67 | 2.64 | 2.64 | 2.64 | 2.58 | 2.58 | 2.60 | 2.60 |
| Manufacturing Overhead | .77 | .75 | .67 | .67 | .67 | .64 | .64 | .66 | .66 |
| Administrative Overhead | .37 | .37 | .37 | .37 | .37 | .42 | .42 | .42 | .42 |
| Total Usual General Expenses | 1.14 | 1.12 | 1.04 | 1.04 | 1.04 | 1.06 | 1.06 | 1.08 | 1.08 |
| All Coverings and Containers | 1.10 | 1.26 | 1.34 | 1.34 | 1.14 | 1.14 | 1.14 | 1.14 | 1.01 |
| Profit | .46 | .95 | .98 | .98 | 1.18 | 1.22 | 1.22 | 1.18 | 1.31 |
| Total Constructed Value in Mex. Ps. | 5.38 | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 |
| Total Constructed Value in U.S. Dollars at Official Rate of Exchange | .43 | .48 | .48 | .48 | .48 | .48 | .48 | .48 | .48 |

[A6578]

**734**

(In Mexican Pesos)

| | SERIES 12" – CAM | | | | | |
|---|---|---|---|---|---|---|
| | 1961 | 1962 | 1963 | 1964 | 1965 | 1966 |
| Material | 1.96 | 1.87 | 1.57 | 1.56 | 1.44 | 1.41 |
| Labor | .43 | .44 | .35 | 0.30 | 0.32 | 0.31 |
| Recording Cost | 1.57 | 1.56 | 1.44 | 0.30 | 0.91 | 0.91 |
| Artist & Composer Royalty Cost | 1.91 | 1.91 | 1.91 | 1.91 | 1.91 | 1.91 |
| Total Materials and Fabrication | 5.87 | 5.78 | 5.27 | 4.07 | 4.58 | 4.54 |
| Manufacturing Overhead | 1.19 | 1.21 | 1.21 | 1.12 | 1.18 | 1.26 |
| Administrative Overhead | .68 | .72 | .71 | 0.67 | 0.70 | 0.75 |
| Total Usual General Expenses | 1.87 | 1.93 | 1.92 | 1.79 | 1.88 | 2.01 |
| All Coverings and Containers | 2.90 | 2.70 | 2.70 | 2.50 | 2.60 | 2.60 |
| Profit | 8.11 | 8.34 | 5.11 | 5.39 | 4.69 | 4.60 |
| Total Constructed Value, Mex. Ps. | 18.75 | 18.75 | 15.00 | 13.75 | 13.75 | 13.75 |
| Total Constructed Value in U.S. Dollars at Official Rate of Exchange | 1.50 | 1.50 | 1.20 | 1.10 | 1.10 | 1.10 |

[A6579]

(CONTINUANCE)

SERIES 12" - CAM

(In Mexican Pesos)

| | 1967 Jan. June | 1967 July Nov. | 1967 Dec. | 1968 Jan. Apr. | 1968 May Nov. | 1968 Dec. | 1969 Jan Feb. | 1969 March June | 1969 July To Date |
|---|---|---|---|---|---|---|---|---|---|
| Material | 1.42 | 1.76 | 1.73 | 1.73 | 1.73 | 1.69 | 1.69 | 1.71 | 1.71 |
| Labor | .38 | .38 | .36 | .36 | .36 | .31 | .31 | .32 | .32 |
| Recording Cost | .93 | .93 | .87 | .87 | .87 | .92 | .92 | .92 | .92 |
| Artist & Composer Royalty Cost | 2.49 | 2.49 | 2.49 | 2.49 | 2.49 | 2.49 | 2.49 | 2.49 | 2.49 |
| Total Materials and Fabrication | 5.22 | 5.56 | 5.45 | 5.45 | 5.45 | 5.41 | 5.41 | 5.44 | 5.44 |
| Manufacturing Overhead | 1.39 | 1.40 | 1.19 | 1.19 | 1.19 | 1.14 | 1.14 | 1.15 | 1.15 |
| Administrative Overhead· | .86 | .86 | .89 | .89 | .89 | .95 | .95 | .95 | .95 |
| Total Usual General Expenses | 2.25 | 2.26 | 2.08 | 2.08 | 2.08 | 2.09 | 2.09 | 2.10 | 2.10 |
| All Coverings and Containers | 2.71 | 2.41 | 1.85 | 1.85 | 1.63 | 1.63 | 1.63 | 1.63 | 1.73 |
| Profit | 3.57 | 3.65 | 4.50 | 4.50 | 4.72 | 4.75 | 4.75 | 4.71 | 4.61 |
| Total Constructed Value, in Mex. Ps. | 13.75 | 13.88 | 13.88 | 13.88 | 13.88 | 13.88 | 13.88 | 13.88 | 13.88 |
| Total Constructed Value in U.S. Dollars at Official Rate of Exchange | 1.10 | 1.11 | 1.11 | 1.11 | 1.11 | 1.11 | 1.11 | 1.11 | 1.11 |

[A6580]

| (In Mexican Pesos) | SERIES 12" – RCA – MKE & VIK – MLV | | | | | | |
|---|---|---|---|---|---|---|---|
| | 1961 | 1962 Jan. Sep. | 1962 Oct. Dec. | 1963 | 1964 | 1965 | 1966 |
| Material | 1.96 | 1.97 | 1.97 | 1.67 | 1.62 | 1.60 | 1.64 |
| Labor | 0.43 | 0.44 | 0.44 | 0.35 | 0.34 | 0.32 | 0.32 |
| Recording Cost | 1.57 | 1.56 | 1.56 | 1.44 | 1.46 | 1.52 | 1.65 |
| Artist And Composer Royalty Cost | 4.90 | 4.92 | 4.92 | 4.92 | 4.92 | 4.92 | 4.92 |
| Total Material and Fabrication | 8.86 | 8.89 | 8.89 | 8.38 | 8.34 | 8.36 | 8.53 |
| Manufacturing Overhead | 1.19 | 1.21 | 1.21 | 1.20 | 1.22 | 1.20 | 1.04 |
| Administrative Overhead | 0.68 | 0.72 | 0.72 | 0.71 | 0.67 | 0.67 | 0.62 |
| Total Usual General Expenses | 1.87 | 1.93 | 1.93 | 1.91 | 1.89 | 1.87 | 1.66 |
| All Coverings and Containers | 2.90 | 2.70 | 2.70 | 2.70 | 2.70 | 2.70 | 2.70 |
| Profit | 1.62 | 1.73 | 1.48 | 2.01 | 2.07 | 2.07 | 2.11 |
| Total Constructed Value in Mex. Ps. | 15.25 | 15.25 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 |
| Total Constructed Value in U.S. Dollars at Official Rate of Exchange | 1.22 | 1.22 | 1.20 | 1.20 | 1.20 | 1.20 | 1.20 |

[A6581]

(CONTINUANCE)

SERIES 12" – RCA – MKL & VIK – MLV

| (In Mexican Pesos) | 1967 Jan. June | 1967 July Nov. | 1967 Dec. | 1968 Jan. Apr. | 1968 May Aug. | 1968 Sept. Nov. | 1968 Dec. | 1969 Jan. Feb. | 1969 March June | 1969 July To Date |
|---|---|---|---|---|---|---|---|---|---|---|
| Material | 1.68 | 1.78 | 1.75 | 1.75 | 1.75 | 1.75 | 1.70 | 1.70 | 1.71 | 1.71 |
| Labor | .40 | .38 | .36 | .36 | .36 | .36 | .31 | .31 | .31 | .31 |
| Recording Cost | 1.74 | 1.74 | 1.63 | 1.63 | 1.63 | 1.63 | 1.72 | 1.72 | 1.72 | 1.72 |
| Artist and Composer Royalty | 5.14 | 5.14 | 5.14 | 5.14 | 5.14 | 5.38 | 5.38 | 5.38 | 5.38 | 5.38 |
| Total Material and Fabrication | 8.96 | 9.04 | 8.88 | 8.88 | 8.88 | 9.12 | 9.11 | 9.11 | 9.12 | 9.12 |
| Manufacturing Overhead | 1.18 | 1.14 | 1.05 | 1.05 | 1.05 | 1.05 | 1.03 | 1.03 | 1.04 | 1.04 |
| Administrative Overhead | .71 | .71 | .66 | .66 | .66 | .66 | .64 | .64 | .64 | .64 |
| Total Usual General Expenses | 1.89 | 1.85 | 1.71 | 1.71 | 1.71 | 1.71 | 1.67 | 1.67 | 1.68 | 1.68 |
| All Coverings and Containers | 2.71 | 2.41 | 1.85 | 1.85 | 1.63 | 1.63 | 1.63 | 1.63 | 1.63 | 1.73 |
| Profit | 1.44 | 2.33 | 3.19 | 3.19 | 3.41 | 3.17 | 3.22 | 3.22 | 3.20 | 3.10 |
| Total Constructed Value in Mex. Ps. | 15.00 | 15.63 | 15.63 | 15.63 | 15.63 | 15.63 | 15.63 | 15.63 | 15.63 | 15.63 |
| Total Constructed Value in U.S. Dlls. at Official Rate of Exchange | 1.20 | 1.25 | 1.25 | 1.25 | 1.25 | 1.25 | 1.25 | 1.25 | 1.25 | 1.25 |

[A6582]

| (In Mexican Pesos) | SERIES 12" – MKS | | | | | | |
|---|---|---|---|---|---|---|---|
| | 1961 | 1962 Jan. Sep. | 1962 Oct. Dec. | 1963 | 1964 | 1965 | 1966 |
| Material | 2.19 | 2.01 | 2.01 | 2.21 | 2.18 | 2.27 | 2.14 |
| Labor | 0.52 | 0.49 | 0.49 | 0.40 | 0.38 | 0.40 | 0.36 |
| Recording Cost | 1.37 | 1.40 | 1.56 | 1.44 | 1.50 | 1.72 | 1.65 |
| Artist and Composer Royalty Cost | 5.89 | 5.95 | 5.95 | 5.95 | 5.95 | 5.95 | 5.95 |
| Total Material and Fabrication | 9.97 | 9.85 | 10.01 | 10.00 | 10.01 | 10.34 | 10.10 |
| Manufacturing Overhead | 2.06 | 2.47 | 2.47 | 2.02 | 2.17 | 2.24 | 2.44 |
| Administrative Overhead | 1.16 | 1.07 | 1.47 | 1.20 | 1.11 | 1.01 | 1.09 |
| Total Usual General Expenses | 3.22 | 3.54 | 3.94 | 3.22 | 3.28 | 3.25 | 3.53 |
| All Coverings and Containers | 2.90 | 2.70 | 2.70 | 2.70 | 2.70 | 2.70 | 2.70 |
| Profit | 2.04 | 2.04 | 2.10 | 2.83 | 2.76 | 2.46 | 2.42 |
| Total Constructed Value in Mex. Ps. | 18.13 | 18.13 | 18.75 | 18.75 | 18.75 | 18.75 | 18.75 |
| Total Constructed Value in U.S. Dollars at Official Rate of Exchange | 1.45 | 1.45 | 1.50 | 1.50 | 1.50 | 1.50 | 1.50 |

[A6583]

SERIES 12" – MKS

| (CONT'D) (In Mexican Pesos) | 1967 Jan. June | 1967 July Nov. | 1967 Dec. | 1968 Jan. Apr. | 1968 May Aug. | 1968 Sept. Nov. | 1968 Dec. | 1969 Jan. Feb. | 1969 March June | 1969 July To Date |
|---|---|---|---|---|---|---|---|---|---|---|
| Material | 1.70 | 1.76 | 1.79 | 1.79 | 1.79 | 1.79 | 1.70 | 1.70 | 1.72 | 1.72 |
| Labor | .42 | .39 | .38 | .38 | .38 | .38 | .31 | .31 | .31 | .31 |
| Recording Cost | 1.80 | 1.80 | 1.69 | 1.69 | 1.69 | 1.69 | 1.78 | 1.78 | 1.78 | 1.78 |
| Artist and Composer Royalty Cost | 6.19 | 6.19 | 6.19 | 6.19 | 6.19 | 5.97 | 5.97 | 5.97 | 5.97 | 5.97 |
| Total Material and Fabrication | 10.11 | 10.14 | 10.05 | 10.05 | 10.05 | 9.83 | 9.76 | 9.76 | 9.78 | 9.78 |
| Manufacturing Overhead | 2.78 | 2.68 | 2.48 | 2.48 | 2.48 | 2.48 | 2.43 | 2.43 | 2.45 | 2.45 |
| Administrative Overhead | 1.24 | 1.24 | 1.14 | 1.14 | 1.14 | 1.14 | 1.11 | 1.11 | 1.11 | 1.11 |
| Total Usual General Expenses | 4.02 | 3.92 | 3.62 | 3.62 | 3.62 | 3.62 | 3.54 | 3.54 | 3.56 | 3.56 |
| All Coverings and Containers | 2.71 | 2.41 | 1.85 | 1.85 | 1.63 | 1.63 | 1.63 | 1.63 | 1.63 | 1.73 |
| Profit | 1.91 | 2.91 | 3.86 | 3.86 | 4.08 | 4.30 | 4.45 | 4.45 | 4.41 | 4.31 |
| Total Constructed Value in Mex. Ps. | 18.75 | 19.38 | 19.38 | 19.38 | 19.38 | 19.38 | 19.38 | 19.38 | 19.38 | 19.38 |
| Total Constructed Value in U.S. Dlls. at Official Rate of Exchange | 1.50 | 1.55 | 1.55 | 1.55 | 1.55 | 1.55 | 1.55 | 1.55 | 1.55 | 1.55 |

[A6584]

| (In Mexican Pesos) | SERIES 12" MKLA & B | | | | | |
|---|---|---|---|---|---|---|
| | 1961 | 1962 | 1963 | 1964 | 1965 | 1966 |
| Material | 5.44 | 5.61 | 5.72 | 5.76 | 5.47 | 5.51 |
| Labor | 1.29 | 1.30 | 1.31 | 1.34 | 1.26 | 1.28 |
| Artist & Composer Royalty Cost 1/2 | 9.90 | 9.91 | 9.94 | 9.92 | 9.90 | 9.96 |
| Total Materials and Fabrication | 16.63 | 16.82 | 16.97 | 17.02 | 16.63 | 16.75 |
| Manufacturing Overhead | 3.43 | 3.30 | 3.34 | 3.40 | 3.64 | 3.46 |
| Administrative Overhead | 2.03 | 2.06 | 2.07 | 2.05 | 2.15 | 2.27 |
| Total Usual General Expenses | 5.46 | 5.36 | 5.41 | 5.45 | 5.79 | 5.73 |
| All coverings and Containers | 5.20 | 5.20 | 5.20 | 5.20 | 5.20 | 5.20 |
| Profit | 2.71 | 2.62 | 2.42 | 2.33 | 2.38 | 2.32 |
| Total Constructed Value in Mex. Ps. | 30.00 | 30.00 | 30.00 | 30.00 | 30.00 | 30.00 |
| Total Constructed Value in U.S. Dollars at Official Rate of Exchange | 2.40 | 2.40 | 2.40 | 2.40 | 2.40 | 2.40 |

[A6585]

(CONTINUANCE)

(In Mexican Pesos)

SERIES 12" MKLA & B

| | 1967 Jan June | 1967 July Nov. | 1967 Dec. | 1968 Jan. Aug. | 1968 Sept. Nov. | 1968 Dec. | 1969 Jan. Feb. | 1969 March To Date |
|---|---|---|---|---|---|---|---|---|
| Material | 4.72 | 4.17 | 4.78 | 4.78 | 4.78 | 4.96 | 4.96 | 4.69 |
| Labor | 1.15 | 1.10 | 1.08 | 1.08 | 1.08 | .95 | .95 | .93 |
| Artist & Composer Royalty Cost | 10.30 | 10.30 | 10.30 | 10.30 | 10.61 | 10.61 | 10.61 | 10.61 |
| Total Materials and Fabrication | 16.17 | 15.57 | 16.16 | 16.16 | 16.47 | 16.52 | 16.52 | 16.23 |
| Manufacturing Overhead | 3.92 | 3.79 | 3.97 | 3.97 | 3.97 | 4.00 | 4.00 | 3.98 |
| Administrative Overhead | 2.60 | 2.60 | 2.44 | 2.44 | 2.44 | 2.37 | 2.37 | 2.37 |
| Total Usual General Expenses | 6.52 | 6.39 | 6.41 | 6.41 | 6.41 | 6.37 | 6.37 | 6.35 |
| All Coverings and Containers | 5.20 | 5.20 | 5.20 | 5.20 | 5.20 | 5.20 | 5.20 | 5.20 |
| Profit | 2.11 | 4.09 | 3.48 | 3.48 | 3.17 | 3.16 | 3.16 | 3.47 |
| Total Constructed Value in Mex. Ps. | 30.00 | 31.25 | 31.25 | 31.25 | 31.25 | 31.25 | 31.25 | 31.25 |
| Total Constructed Value in U.S. Dollars at Official Rate of Exchange | 2.40 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 |

[A6586]

742

| (In Mexican Pesos) | SERIES 12" MKLAS | | |
| --- | --- | --- | --- |
| | 1964 | 1965 | 1966 |
| Material | 5.01 | 4.91 | 4.87 |
| Labor | 1.12 | 1.18 | 1.02 |
| Artist & Composer Royalty Cost | 13.92 | 13.75 | 13.89 |
| Total Materials and Fabrication | 20.05 | 19.84 | 19.78 |
| Manufacturing Overhead | 3.41 | 3.55 | 3.35 |
| Administrative Overhead | 2.53 | 2.41 | 2.63 |
| Total Usual General Expenses | 5.94 | 5.96 | 5.98 |
| All Coverings and Containers | 8.64 | 8.64 | 8.64 |
| Profit | 2.87 | 3.06 | 3.10 |
| Total Constructed Value in Mex. Ps. | 37.50 | 37.50 | 37.50 |
| Total Constructed Value in U.S. Dollars at Official Rate of Exchange | 3.00 | 3.00 | 3.00 |

[A6587]

(CONTINUANCE)

| (In Mexican Pesos) | SERIES 12" MKLAS | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 1967 Jan. June | 1967 July Nov. | 1967 Dec. | 1968 Jan. Aug. | 1968 Sept. Nov. | 1968 Dec. | 1969 Jan. Feb. | 1969 March to Date |
| Material | 5.07 | 4.37 | 4.89 | 4.89 | 4.89 | 6.65 | 6.65 | 6.62 |
| Labor | 1.18 | 1.12 | 1.14 | 1.14 | 1.14 | 1.07 | 1.07 | 1.07 |
| Artist & Composer Royalty Cost | 12.39 | 12.39 | 12.39 | 12.39 | 11.78 | 11.78 | 11.78 | 11.78 |
| Total Materials and Fabrication | 18.64 | 17.88 | 18.42 | 18.42 | 17.81 | 19.50 | 19.50 | 19.47 |
| Manufacturing Overhead | 3.79 | 3.66 | 3.84 | 3.84 | 3.84 | 3.87 | 3.87 | 3.85 |
| Administrative Overhead | 3.01 | 3.01 | 2.82 | 2.82 | 2.82 | 2.74 | 2.74 | 2.74 |
| Total Usual General Expenses | 6.80 | 6.67 | 6.66 | 6.66 | 6.66 | 6.61 | 6.61 | 6.59 |
| All Coverings and Containers | 8.64 | 8.64 | 8.64 | 8.64 | 8.64 | 8.57 | 8.57 | 8.57 |
| Profit | 3.42 | 5.56 | 5.03 | 5.03 | 5.64 | 4.07 | 4.07 | 4.12 |
| Total Constructed Value in Mex. Ps. | 37.50 | 38.75 | 38.75 | 38.75 | 38.75 | 38.75 | 38.75 | 38.75 |
| Total Constructed Value in U.S. Dollars at Official Rate of Exchange | 3.00 | 3.10 | 3.10 | 3.10 | 3.10 | 3.10 | 3.10 | 3.10 |

[A6588]

| (In Mexican Pesos) | S e r i e s 12" CAMS | | | | | |
|---|---|---|---|---|---|---|
| | 1968 Jan. April | 1968 May Nov. | 1968 Dec. | 1969 Jan. Feb. | 1969 March June | 1969 July To Date |
| Material | 1.76 | 1.76 | 1.71 | 1.71 | 1.73 | 1.73 |
| Labor | .38 | .38 | .33 | .33 | .33 | .33 |
| Recording Cost | .90 | .90 | .95 | .95 | .95 | .95 |
| Artist & Composer Royalty Cost | 2.76 | 2.76 | 2.76 | 2.76 | 2.76 | 2.76 |
| Total Materials and Fabrication | 5.80 | 5.80 | 5.75 | 5.75 | 5.77 | 5.77 |
| Manufacturing Overhead | 1.25 | 1.25 | 1.16 | 1.16 | 1.17 | 1.17 |
| Administrative Overhead | .89 | .89 | .95 | .95 | .95 | .95 |
| Total Usual General Expenses | 2.14 | 2.14 | 2.11 | 2.11 | 2.12 | 2.12 |
| All Covering and Containers | 1.85 | 1.63 | 1.63 | 1.63 | 1.63 | 1.73 |
| Profit | 4.09 | 4.31 | 4.39 | 4.39 | 4.36 | 4.26 |
| Total Constructed Value in Mex. Ps. | 13.88 | 13.88 | 13.88 | 13.88 | 13.88 | 13.88 |
| Total Constructed Value in U.S. at Official Rate of Exchange | 1.11 | 1.11 | 1.11 | 1.11 | 1.11 | 1.11 |