Coats & Clark, Inc. *v.* United States

Court No. R70/2365

(Decided January 21, 1975)

*Lane, Young & Fox* (*Peter Jay Baskin* of counsel) for the plaintiff.

*Carla A. Hills*, Assistant Attorney General (*Michael S. O'Rourke*, trial attorney), for the defendant.

WATSON, Judge: The merchandise involved in this case consists of a "Dynacast Model A-2 High Speed Automatic Die Casting Machine" and certain optional parts manufactured in Canada. The principal issue is whether the constructed value of the imported machine is $18,882.00 as found by the appraising official or $12,300.00 as claimed by plaintiff. Other values in dispute are those for a limit switch which was appraised at $115.00 and claimed at $16.58, die casting machine parts appraised at $36.00 and claimed at $5.20, and valves appraised at $101.00 and claimed at $33.75.

Constructed value is defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, as follows:

> (d) Constructed Value.—For the purposes of this section, the constructed value of imported merchandise shall be the sum of—
>
> (1) the cost of materials (exclusive of any internal tax applicable in the country of exportation directly to such materials or their disposition, but remitted or refunded upon the exportation of the articles in the production of which such materials are used) and of fabrication or other processing of any kind employed in producing such or similar merchandise, at a time preceding the date of exportation of the merchandise undergoing appraisement which would ordinarily permit the production of that particular merchandise in the ordinary course of business;
>
> (2) an amount for general expenses and profit equal to that usually reflected in sales of merchandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States; and
>
> (3) the cost of all containers and coverings of whatever nature, and all other expenses incidental to placing the merchandise undergoing appraisement in condition, packed ready for shipment to the United States.

It is undisputed that Dynacast was the only Canadian producer of merchandise of this class or kind during the relevant period. It is

further undisputed that Dynacast and the importer are related persons within the meaning of section 402(g)(2)(f), in that they are both under common control. After the producer of this merchandise and the plaintiff became corporate relatives in April of 1967 and before the entry of the merchandise in question, it appears there were a number of meetings and communications between the Customs Service and Dynacast as well as the customs broker in an attempt to arrive at a value for such machines and parts. The cost and price information supplied to the Customs Service was rejected. While there is no exact information regarding the reasons for the rejection of the cost information and while there is no specific indication of how the appraised value was arrived at other than that it was done "by all * * * reasonable ways and means," I am not inclined to find the appraised value incorrect as a threshold matter for failure to comply with the statutory requirements. This is so principally because of the existence of a sale on September 29, 1967 by Dynacast to Honeywell, Inc., an unrelated American purchaser at a price of $17,990.00 f.o.b. Montreal. This circumstance, in my opinion, distinguishes the instant situation from those in which the appraising official disregarded the price between related parties solely because they were related as in *Brown, Alcantar & Brown, Inc., et al.* v. *United States*, 68 Cust. Ct. 217, R.D. 11760 (1972), *rev'd*, 69 Cust. Ct. 249, A.R.D. 306, 348 F. Supp. 723 (1972), or ignored proffered cost information without good reason as in *Geigy Chemical Corporation et al.* v. *United States*, 70 Cust. Ct. 259, R.D. 11775, 358 F. Supp. 1275 (1973), *aff'd*, 73 Cust. Ct. 215 A.R.D. 321, 381 F. Supp. 1397 (1974), appeal pending.

I consider this circumstance sufficient to justify disregarding the transaction between parties and resorting to "the best evidence available as to what the amount would have been if the transaction had occurred, between [unrelated] persons * * *" in the language of section 402(g).

Although the appraised value, for the above reason, does not fall because of an inherent flaw in the manner in which it was obtained, I do find ultimately that it was incorrect in light of the proof offered at trial by plaintiff. What may have been the "best evidence available" to the appraising official, such as the sale by Dynacast to Honeywell, Inc. for $17,990.00 and the price at which United States customers could buy the machine involved from plaintiff for $18,782.00, is not persuasive in the face of plaintiff's explanation of the Honeywell sale and the comprehensive proof of constructed value contained in plaintiff's exhibit 3.

Plaintiff's exhibit 3, an impressive document prepared by the secretary-treasurer of Dynacast and its cost accountant, sets out in detail the cost of material used, the cost of fabrication and the cost

of packaging, a clear statement of the general expenses and a creditable calculation of the profit. This exhibit contains supporting documentary evidence in the form of invoices, work timesheets, unit processing cards and accountant worksheets which substantiates the constructed value contained therein. Unlike defendant, I do not expect plaintiff's proof of constructed value to be perfect. I expect proof which is based on a preponderance of the evidence and which, when subjected to reasonable standards of credibility, persuades me that the value claimed by plaintiff is the correct constructed value. In this respect it appears to me that plaintiff's proof is well founded, detailed, properly related to the actual sources of cost information and generally persuasive regarding the veracity of its figures. It constitutes what I consider satisfactory proof in a situation where the exporter is the only producer for export of merchandise of this kind.

As regards cost of materials and the cost allotted to fabrication, I am satisfied that for the most part plaintiff's proof has its basis in the period preceding the date of exportation of this merchandise which would ordinarily have permitted the production of the merchandise in question. I am further convinced that those supporting papers which were somewhat outside this period nevertheless accurately reflect the cost of materials and fabrication of the instant machine.

With respect to plaintiff's proof of general expenses, I am satisfied that the allocation of these expenses among the manufacturer's various product lines accurately represents the general expenses incurred, is in accordance with acceptable accounting procedures and complies with reasonable standards of proof for the sole manufacturer of merchandise of this type.

With regard to the calculation of profit by subtracting the total cost of manufacture from the selling price of $12,355.61 and deriving a profit of $4,244.40, I find this to be a proper ascertainment and proof of the profit element of constructed value. The extent of the profit appears on its face to be a normal and reasonable profit in relation to the costs of materials and general expenses. When plaintiff has proved a profit which is normal by reasonable standards and which is, on its face, realistic, the burden must shift to defendant to disprove the legitimacy and correctness of this profit. I will not infer merely from the relationship existing between the seller and the importer and the profit later made by the importer on resale that the profit proved as an element of constructed value is incorrect. Plaintiff's burden of proof is satisfied when it has proved the statutory elements of constructed value by a preponderance of the credible evidence.

With regard to the single sale between the manufacturer and Honeywell, Inc. at the price of $17,990.00, I am satisfied from the testimony of plaintiff's witnesses that this particular transaction was

an exceptional one and does not represent the ordinary course of trade with regard to the sale of this merchandise. The testimony establishes that the sale in question was an isolated instance occurring shortly after the acquisition of the manufacturer by the common controlling party and was in reality a transaction totally controlled by plaintiff.

In light of the thorough and comprehensive proof regarding the normal course of trade in scores of transactions being a sale from the manufacturer to plaintiff and a resale to the American user, I give no significance to the single sale to Honeywell, Inc.

Taking a more general and overall view of the transaction here involved, I am persuaded that despite the relation between the parties there was no "rigging" or untoward manipulation of the purchase price in derogation of a fair market value. I am favorably impressed by the fact that the price between the parties was very close to the price in effect between them when they were not under common control. In short, the complete proof of constructed value made by plaintiff is far more persuasive than any unsupported inferences drawn solely from the relationship between the buyer and seller. Defendant proved nothing beyond the circumstances which led the appraising official to disregard the originally claimed values. Plaintiff's proof has overcome whatever small justification existed for that action.

For the reasons expressed above, I find that the plaintiff has successfully proved the constructed value it claims for the imported machine. I make the following findings of fact:

1. The merchandise in question consists of a "Dynacast Model A–2 High Speed Die Casting Machine" and parts.

2. The merchandise does not appear on the so-called Final List, T.D. 54521, and there is no dispute that constructed value as defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the correct basis of valuation.

3. The appraised values are erroneous.

4. The evidence introduced by plaintiff established the correctness of the elements of the constructed values it claims which values are as follows:

| | |
|---|---:|
| (a) Die Casting Machine | $12, 300. 00 |
| (b) Limit Switch | 16. 58 |
| (c) Die Casting Machine Parts | 5. 20 |
| (d) Valves | 33. 75 |

I therefore make the following conclusions of law:

1. Constructed value as defined in section 402(d) of the Tariff Act of 1930, as amended, *supra*, is the correct basis of valuation for this merchandise.

2. Plaintiff has successfully disproved the correctness of the appraised values and successfully proved the values it claims.

3. The correct constructed values of these importations are those set out in finding of fact number 4.

Judgment will be entered accordingly.